STATE OF MAINE
KENNEBEC, SS.
0388

RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

2004 JAN 29 P 1: 18

NANCY DESJARDIN
CLERK OF COURTS.

SUPERIOR COURT
Docket No. CR-03-0388

JMJ- KEN - 1/29/2004

STATE OF MAINE                    )
                                  )
                                  )
          v.                      )      **ORDER ON MOTION TO SUPPRESS**
                                  )
                                  )
Robert Greely,                    )
          Defendant.              )

DONALD L. GARRECHT
LAW LIBRARY

FEB 5 2004

Before this court is the Defendant's Motion To Suppress. Sean Farris for the Defendant and Alan Kelly, Deputy District Attorney for the State.

On July 28, 2003, the Defendant was the operator of a motor vehicle involved in accident that resulted in a fatality. Pursuant to Title 29-A M.R.S.A. Section 2522, Officer Guilmette notified the Defendant that he had to submit to blood alcohol test.. The Defendant agreed to the test which was conducted at Maine General Hospital in Augusta. The Defendant was not advised of his Miranda rights.

The Defendant raises one issue in its Motion To Suppress. The Defendant argues that compliance with section 2522 is unconstitutional because it violates Maine's Constitution Article 6. This Article of the Maine Constitution states that a person cannot be compelled to give evidence against himself. Since the Defendant was compelled pursuant to section 2522 to give a blood sample that incriminated him it was in violation of Article 6. The Defendant was not able to present any cases supporting this legal position.

This court finds and concludes that section 2522 does not compel a Defendant to give evidence against himself in violation of Article 6 of the Maine Constitution. The United States Supreme Court case of <u>Schmerber v California</u> 384 U.S. 757, 86 S. Ct. 1826 (1966) is directly on point. The Supreme Court held that the privilege against self incrimination protected

an accused only from being compelled to testify against himself or otherwise provide the State with evidence of a testimonial or communicative nature and that the withdrawal of blood and the use of the analysis did not involve compulsion to these ends. In footnote 6 the Supreme Court compared the language in the US Constitution with the language in many state constitutions wherein the language phrases the privilege in terms of compelling a person to give evidence against himself. The Court stated that notwithstanding the different phraseology, the same interpretation is called for.The Supreme Court indicated that the privilege is a bar against compelling communications or testimony, and the compulsion which makes a suspect or accused the source of real or physical evidence does not violate the privilege.

For reasons stated above the Defendant's Motion to Suppress is hereby denied.

Dated:  January 26, 2004

JOSEPH JABAR
JUSTICE, SUPERIOR COURT

STATE OF MAINE
  vs
ROBERT DAVID GREELY
34 WASHINGTON AVENUE
GARDINER ME 04345

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-2003-00388

**DOCKET RECORD**

DOB: 09/20/1983
Attorney: SEAN FARRIS                              State's Attorney: EVERT FOWLE
          FARRIS HESELTON LADD & BOBROWIECKI, PA
          251 WATER STREET
          PO BOX 120
          GARDINER ME 04345-0120
          RETAINED 09/15/2003

Filing Document: INDICTMENT                   Major Case Type: FELONY (CLASS A,B,C)
Filing Date: 09/12/2003

## Charge(s)

1  **MANSLAUGHTER**                               **07/28/2003 GARDINER**
   17-A  203(1)(A)              **Class A**


2  **OPERATING UNDER THE INFLUENCE**             **07/28/2003 GARDINER**
   29-A  2411(1)              **Class C**


3  **RECKLESS CONDUCT WITH A DANGEROUS WEAPON**   **07/28/2003 GARDINER**
   17-A  211(1)                **Class C**


## Docket Events:

09/12/2003 FILING DOCUMENT -  INDICTMENT FILED ON 09/12/2003

           TRANSFER -  BAIL AND PLEADING GRANTED ON 09/12/2003

           TRANSFER -  BAIL AND PLEADING REQUESTED ON 09/12/2003

09/12/2003 Charge(s):  1,2,3
           HEARING -  ARRAIGNMENT SCHEDULED FOR 09/19/2003 @ 9:00

           NOTICE TO PARTIES/COUNSEL
09/12/2003 WARRANT -  ON COMP/INDICTMENT REQUESTED ON 09/12/2003

09/12/2003 WARRANT -  ON COMP/INDICTMENT ORDERED ON 09/12/2003
           S KIRK STUDSTRUP , JUSTICE
09/12/2003 BAIL BOND - $10,000.00 SURETY BAIL BOND SET BY COURT ON 09/12/2003
           S KIRK STUDSTRUP , JUSTICE
           OR $300.00 CASH
09/12/2003 WARRANT -  ON COMP/INDICTMENT ISSUED ON 09/12/2003

           CERTIFIED COPY TO WARRANT REPOSITORY
09/15/2003 WARRANT -  ON COMP/INDICTMENT EXECUTED ON 09/12/2003

ARRESTED BY GARDINER PD
09/15/2003 BAIL BOND - $300.00 CASH BAIL BOND FILED ON 09/15/2003

      Bail Receipt Type: CR
      Bail Amt: $300
                          Receipt Type: CA
      Date Bailed: 09/12/2003     Prvdr Name: ROBERT  GREELY
                                  Rtrn Name: ROBERT  GREELY

## Conditions of Bail:

09/24/2003 Charge(s): 1,2,3
      HEARING - ARRAIGNMENT HELD ON 09/19/2003
      JOHN R ATWOOD , JUSTICE
      Attorney: SEAN FARRIS
      DA: PAUL RUCHA        Reporter: TAMMY DROUIN
      Defendant Present in Court

      READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
      DEFENDANT. 21 DAYS TO FILE MOTIONS
09/24/2003 Charge(s): 1,2,3
      PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 09/19/2003

09/24/2003 Charge(s): 1,2,3
      PLEA - NOT GUILTY ACCEPTED BY COURT ON 09/19/2003

09/24/2003 BAIL BOND - CASH BAIL BOND CONTINUED AS POSTED ON 09/19/2003

09/24/2003 BAIL BOND - CASH BAIL BOND COND RELEASE ISSUED ON 09/19/2003

10/10/2003 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 10/08/2003

10/10/2003 MOTION - MOTION TO DISMISS FILED BY DEFENDANT ON 10/08/2003

10/10/2003 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 12/02/2003 @ 9:00
      S KIRK STUDSTRUP , JUSTICE
      NOTICE TO PARTIES/COUNSEL
10/10/2003 HEARING - MOTION TO DISMISS SCHEDULED FOR 12/02/2003 @ 9:00
      S KIRK STUDSTRUP , JUSTICE
      NOTICE TO PARTIES/COUNSEL
11/25/2003 ORDER - SPECIAL ASSIGNMENT ENTERED ON 10/16/2003
      JOSEPH M JABAR , JUSTICE
12/17/2003 HEARING - MOTION TO DISMISS NOT HELD ON 12/02/2003

12/17/2003 HEARING - MOTION TO SUPPRESS NOT HELD ON 12/02/2003

12/17/2003 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 01/23/2004 @ 1:00
      JOSEPH M JABAR , JUSTICE
      NOTICE TO PARTIES/COUNSEL                        IN SOMERSET
      COUNTY SUPERIOR COURT
12/17/2003 HEARING - MOTION TO DISMISS SCHEDULED FOR 01/23/2004 @ 1:00
      JOSEPH M JABAR , JUSTICE
      NOTICE TO PARTIES/COUNSEL                        IN SOMERSET

COUNTY SUPERIOR COURT
12/17/2003 HEARING - MOTION TO DISMISS NOTICE SENT ON 12/17/2003

12/17/2003 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 12/07/2003

01/29/2004 HEARING - MOTION TO SUPPRESS HELD ON 01/23/2004
          JOSEPH M JABAR , JUSTICE
          Attorney: SEAN FARRIS
          DA: ALAN KELLEY          Reporter: KIMBERLY MCCULLOCH
          Defendant Present in Court

          STATE WITNESSES: STANLEY GUILMETTE, OFFICER GIOIA; DEFENSE WITNESSES: ANNE GREELEY AND
          DAVID GREELEY
01/29/2004 MOTION - MOTION TO SUPPRESS UNDER ADVISEMENT ON 01/23/2004
          JOSEPH M JABAR , JUSTICE
01/29/2004 MOTION - MOTION TO SUPPRESS DENIED ON 01/29/2004
          JOSEPH M JABAR , JUSTICE
          COPY TO PARTIES/COUNSEL
01/29/2004 ORDER - COURT ORDER FILED ON 01/29/2004

          ORDER ON MOTION TO SUPPRESS

A TRUE COPY
ATTEST: _____
                    Clerk